**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

_____
                               :
RASHFORD EMANUAL GALLOWAY,     :
                               :    Civil Action No.
              Petitioner,      :    10-5121 (NLH)
                               :
         v.                    :    **O P I N I O N**
                               :
BUREAU OF PRISONS,             :
                               :
              Respondent.      :
_____:

**Hillman**, District Judge:

    This matter comes before the Court upon Petitioner's filing of a statement establishing his due exhaustion of administrative remedies for the purposes of his § 2241 petition at hand ("Petition").  See Docket Entry No. 5.

    For the reasons detailed below, the Petition will be denied.

    In April 2008, Petitioner filed an application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241; that filing gave rise to Galloway v. Warden of F.C.I. Fort Dix, Civil Action No. 08-5182 (D.N.J.).

    This Court examined Petitioner's submission and gleaned the following information from the records of Petitioner's criminal proceedings: (a) "Petitioner is currently serving his 150 month federal sentence rendered in April 4, 2003, by Judge Richard L. Voorhees from the United States District Court for the Western

Page -1-

District of North Carolina, Charlotte Division," Galloway v. Bureau of Prisons, 2008 U.S. Dist. LEXIS 84942, at *3-4 (D.N.J. Oct. 22, 2008) (citing Galloway v. United States, 04-0070 (RLV) (W.D.N.C.) ("Galloway I"), Docket Entry No. 2, at 1 (filed on Mar. 3, 2004)); and (b) "initially, Petitioner was arrested by the State of Pennsylvania; that arrest took place on February 7, 2002. Petitioner did not post bond and remained in Pennsylvania custody while awaiting his state trial. Three months later, on May 7, 2002, Petitioner was indicted by the United States on the charges unrelated to his Pennsylvania charges." Galloway v. Warden of F.C.I., 2009 U.S. Dist. LEXIS 9293 (D.N.J. Feb. 9, 2009).

At the heart of Petitioner's Civil Action No. 08-5182 laid Petitioner's challenges that "[t]he Bureau of Prisons ('BOP') gave [Petitioner] no credit for time in state custody, despite [the Pennsylvania] state court's contrary wishes." Galloway v. Warden of F.C.I. Fort Dix, 385 Fed. App'x 59 (3d Cir. 2010). This Court directed the respondents in that matter to answer Petitioner's challenges in light of the holdings of Barden v. Keohane, 921 F.2d 476, 483 (3d Cir. 1990), Willis v. United States, 438 F.2d 923 (5th Cir. 1971), and Kayfez v. Gasele, 993 F. 2d 1288 (7th Cir. 1993), and the respondents duly complied. See Galloway, 385 Fed. App'x at 61. This Court determined that The respondents' answer and this Court's following decisions

detailed to Petitioner facial inapplicability of <u>Willis</u> and <u>Kayfez</u> were inapplicable to Petitioner's circumstances, and affirmed the BOP's decision not to grant Petitioner <u>Barden</u> "credit."  <u>See</u> <u>id.</u>  This Court found no abuse of discretion with regard to BOP's <u>Barden</u> determination, and the Court of Appeals affirmed, setting out again the workings and limitations of <u>Barden</u>, <u>Kayfez</u> and <u>Willis</u> "credits."  <u>See</u> <u>generally</u>, <u>id.</u>

One year after initiation of the above-mentioned Civil Action No. 08-5182, Petitioner filed another application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241; that filing gave rise to <u>Galloway v. Warden of F.C.I. Fort Dix</u>, Civil Action No. 09-3692 (D.N.J.).  At the heart of that Civil Action No. 09-3692, laid

> Petitioner['s] request [for] a downward reduction of
> his sentence, [since Petitioner alleged] as follows:
>
>> Petitioner moves this . . . Court to issue an
>> order requiring the [BOP] to award Petitioner a
>> two for one time credit for everyday [sic.] served
>> in the U.S. Marshal hold at the Northeast Ohio
>> Correctional Center ("NEOCC") because the
>> conditions at the NEOCC borderlined . . . cruel
>> and unusual punishment, and this has caused
>> Petitioner to serve more onerous period of
>> incarceration, than that which was contemplated by
>> the sentencing court. . . .   P]etitioner expressly
>> concedes that he has not exhausted his
>> administrative remedies. . . .

<u>Galloway v. Warden of F.C.I. Fort Dix</u>, 2009 U.S. Dist. LEXIS

71201, at *3-4 (D.N.J. Aug. 12, 2009).[1]

Judge Jerome B. Simandle ("Judge Simandle"), presiding over Petitioner's Civil Action No. 09-3692, dismissed Petitioner's challenges explaining that: (a) since the petition in that action was a de facto § 2255 motion, requesting a downward adjustment of Petitioner's sentence, Petitioner's Section 2241 challenges were subject to dismissal for lack of jurisdiction, see id. at *4-11; (b) even if the petition in that action were construed as a § 3582(c)(1)(A)(I) application, such application would, too, be subject to dismissal, since the Director of the BOP had not filed a motion seeking reduction of Petitioner's sentence, and – even had such motion been filed by the Director of the BOP – this District would, in any event, have no jurisdiction to grant Petitioner sentence reduction, see id. at *15-19 (detailing the governing legal regime and relevant case law); and, moreover, (c) in the event the petition in that action were construed as a Section 2241 application, it would still be subject to dismissal, as administratively unexhausted. See id. at *12-14.

Petitioner appealed Judge Simandle's determination. See

---

[1] Petitioner also challenged his sentence before his federal sentencing court by means of § 2255 motion, as well as by numerous applications for downward sentence reduction and even by a petition for a writ of audita querela. See generally, USA v. Galloway, Crim. Action No. 02-0150 (FDW) (W.D.N.C.). All his applications to that effect were denied, and these determinations were affirmed by the Court of Appeals for the Fourth Circuit. See id.

Galloway v. Warden of F.C.I. Fort Dix, 358 Fed. App'x 301 (3d Cir. 2009). The Court of Appeals concluded that the construction of Petitioner's application requesting a downward adjustment of his sentence as a Section 2241 petition was the proper one, and affirmed Judge Simandle's dismissal of the same on the failure-to-exhaust grounds. See id.

A year passed by, and Petitioner commenced the § 2241 action at bar, repeating the very same challenges that were stated in his above-discussed Civil Action No. 09-3692 (D.N.J.), which was dismissed by Judge Simandle for failure to exhaust administrative remedies. See Instant Matter, Docket Entry No. 1. Since the Petition in this matter failed to indicate that Petitioner exhausted his administrative remedies, even though Petitioner had received guidance as to this aspect from both the Court of Appeals and Judge Simandle, this Court directed Petitioner to establish due exhaustion. See Instant Matter, Docket Entry No. 2. In response, Petitioner filed copies of his administrative record showing that he duly raised the issue before his warden, the Regional Office of the BOP and the BOP's Central Office. See Instant Matter, Docket Entry No. 5.

The administrative record provided by Petitioner indicates that, during his BOP proceedings, Petitioner did not specify any legal basis for his request: he only asserted that the period of his confinement at the NEOCC came "borderline close" to being

"cruel and unusual punishment." Building on that unelaborated assertion, Petitioner requested downward adjustment of his federal sentence, asking that each day he spent at the NEOCC would count as "two or three" days of his current federal sentence. See id.

Petitioner's failure to specify any legal basis for his request resulted in a chain of BOP responses addressing every possible form of "credit" the BOP had power to grant; these responses set out that (a) aside of Barden, Kayfez and Willis "credits," the sole credit the BOP could grant an inmate was the fixed amount of good-conduct-time credits, which every inmate has to earn by good conduct over the period of time the inmate actually serves his/her sentence; but (b) unlike inmates' sentencing courts, the BOP has no power to adjust inmates' sentence downwards under the mandates governing the agency's operations. See id.

> Specifically, the BOP clarified to Petitioner that
>
> [p]rior custody credit is governed by 18 U.S.C. § 3585(b) and permits the application of such credit against a federal sentence prior to the date the sentence commences for time spent in official detention. The time served must be related to either the offense for which the sentence was imposed or the result of any other charge after the commission of the federal offense for which the sentence was imposed. The credit is permissible provided it has not been applied to another sentence.
>
> Projected good conduct time (GCT) earnings, on the other hand, are awarded in accordance with 18 U.S.C. § 3624(b), as codified in 28 C.F.R. § 523.20, and

> implemented through Program Statement 5880.28, Sentence Computation Manual (CCCA). GCT is applied only for the time actually served, rather than the length of the sentence imposed and not for any other reason than for appropriate behavior.
>
> [Petitioner's] current release date cannot be reduced any further by either of the above—noted statutory authorities under the discretion of Bureau staff. The reasons [Petitioner] cited for making [his] request [i.e., being confined, for a period of time, in a correctional facility having, allegedly, particular harsh conditions,] do not fit the criteria established by Congress. Only the sentencing court can modify [downwards] the sentence it imposed.

Id. at 7.

The standards set forth in Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984), govern a court's review of an agency's regulations construing a statute.

> When a court reviews an agency's construction of the statute which it administers, it is confronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the courts, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

Id. at 842-43 (footnotes omitted).

Consequently, this Court is without power to second guess the BOP's interpretation of a governing provision since the Court's mandate to overrule the BOP's decision could be utilized

only if the Court determines that the BOP acted contrary to express Congressional directive or that the BOP abused its discretion. Simply put, the Court may not substitute its judgment for the agency's judgment. See id.; see also Koyo Seiko Co. v. United States, 36 F.3d 1565, 1570 (Fed. Cir. 1994) ("a court must defer to an agency's reasonable interpretation of a statute even if the court might have preferred another").

    Here, the BOP did not abuse its discretion. After the Court of Appeals' affirmance of this Court's determination in Galloway v. Warden of F.C.I. Fort Dix, Civil Action No. 08-5182, there is no dispute that Petitioner cannot qualify for any Barden, Kayfez or Willis "credits." See Galloway, 385 Fed. App'x 59. Analogously, there cannot be any dispute that Petitioner's GCT credits cannot exceed a fixed amount of days proportionate to the number of days, during which Petitioner actually serves his federal sentence with appropriate behavior, see Barber v. Thomas, 130 S. Ct. 2499 (2010); Lynce v. Mathis, 519 U.S. 433, 445 (1997), and this fixed amount of GCT credits cannot be increased or based on any other considerations, e.g., on the conditions of Petitioner's confinement during a certain period of his federal incarceration.

    In other words, Petitioner requested the BOP to grant him a "credit," which the BOP has no authority whatsoever to grant: under any provision applicable to its operations. See, e.g.,

Taylor v. Zickefoose, 2011 U.S. Dist. LEXIS 17947 (D.N.J. Feb. 22, 2011) (analogously dismissing a § 2241 petition raising identical challenges, that were identically rejected by all three levels of the BOP).  For these reasons, the BOP's determination cannot qualify as abuse of discretion; indeed, a BOP's decision to the contrary – that is, had it found in Petitioner's favor and adjusted Petitioner's sentence downwards – would have been an abuse of the agency's discretion and undue usurpation of the powers statutorily reserved solely in Petitioner's sentencing court and in the Court of Appeals for the Fourth Circuit (and the Supreme Court of the United States), i.e., the courts having the power of appellate review with regard to Petitioner's federal criminal proceedings.

Consequently, Petitioner's instant § 2241 application will be denied, as facially without merit.

An appropriate Order accompanies this Opinion.


                                    /s/ Noel L. Hillman
                                    **NOEL L. HILLMAN**
                                    **United States District Judge**

Dated: June 28, 2011

A Camden, New Jersey